IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| YOLANDA PAYTON and ROBERT PAYTON,<br>    Plaintiffs,<br><br>VS.<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF THE SASCO-BC4 TRUST FUND, and BANK OF AMERICA, N.A.,<br>    Defendants. | § § § § § § § § § § § § § Case No. 4:12CV442-RAS-DDB |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendants U.S. Bank, National Association, as Trustee for the holders of the SASCO-BC4 trust fund ("US Bank") and Bank of America, National Association ("Bank of America")'s Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. 15). As set forth below, the Court finds that the motion should be DENIED.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about June 30, 2006, Plaintiffs Yolanda and Robert Payton executed a Deed of Trust and Promissory Note to the original lender, America's Wholesale Lender ("America's Wholesale"), to purchase real estate located at 2756 Lone Ranger Trail, Little Elm, Texas 75068 ("the Property"). *See* Dkt. 13 at ¶ II. On or about October 25, 2011, the Deed of Trust was assigned (the "Assignment") from Mortgage Electronic Registration Systems, Inc., ("MERS") to U.S. Bank. *Id.* Plaintiffs argue that several days before this – on October 17, 2011 – U.S. Bank had already appointed a substitute trustee as to the Property. *Id.*

1

Apparently, Defendants foreclosed on the Property on February 7, 2012. *See* Dkt. 15 at ¶ 2. Plaintiffs allege that several days after this – either on February 12 or 17, 2012 – another assignment of the Deed of Trust was made from MERS to U.S. Bank. *See* Dkt. 13 at ¶ II.

On or about June 13, 2012, Plaintiffs filed their original complaint in the 211th Judicial District Court in Denton County, Texas. *See* Dkt. 3. Subsequently, on July 16, 2012, Defendants removed the state court action to this Court. *See* Dkt. 1.

Plaintiffs' Second Amended Complaint, the live complaint in this matter, alleges suit to quiet title and trespass to try title, violations of Chapter 12 of the Texas Civil Practice and Remedies Code, and seeks declaratory judgment that "Defendant lacks any interest under the Note and/or Trust Deed" and that "Defendant is not, and never has been, the owner/holder of the Note." *See* Dkt. 13. Plaintiffs argue that there is nothing in the Denton County Property records that shows how MERS acquired America's Wholesale Lender's interests in the Property. *See* Dkt. 13 at ¶ II.

Defendants have filed a motion to dismiss, seeking to dismiss Plaintiffs' claims. *See* Dkt. 15. Defendants contend that Plaintiffs' argument that MERS lacks authority to assign their loan is meritless, and that Plaintiffs fail to state a claim for suit to quiet title. *Id.* Specifically, Defendants claim that Plaintiffs lack standing to challenge the assignment and securitization of the loan. *Id.* Additionally, Defendants argue that Plaintiffs fail to state claims under the False Claims Statute and that Plaintiffs' declaratory judgment claim cannot stand as an independent claim. *Id.*

Plaintiffs have filed a response in opposition alleging Defendants have failed to establish authority to foreclose on the Property. *See* Dkt. 16.

**STANDARD FOR MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

### *Quiet Title/Trespass to Try Title*

The Court first looks to Plaintiffs' quiet title and trespass to try title actions based on Plaintiffs' contention that they "never voluntarily deeded the property to Defendant ...," invalidating Defendants' claim to the Property. Dkt. 13 at ¶V. "[A] suit to quiet title "is an equitable action that involves *clearing* a title of an invalid charge against the title." *Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 4 (N.D. Tex. 2012) (citing *Longoria v. Lasater,* 292 S.W.3d 156, 165 n. 7 (Tex. App.– San Antonio 2009, pet denied) (quoting *A.I. C. Mgt. v. Crews,* 2005 WL 267667, at *3 n. 8 (Tex. App.– Houston [1st Dist.] 2005), *rev'd on other grounds,* 246 S.W.3d 640 (Tex. 2008)) (emphasis in original)). A plaintiff asserting a quiet title action must show that: (1) he has an interest in the Property; (2) title to the Property is affected by a claim by Defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *See Cruz*, 2012 WL 1836095, at *4 (*citing Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex. App. – Texarkana 1991, writ denied)); *U.S. Nat. Bank Ass'n v. Johnson*, 2011 WL 6938507, *3 (Tex. App.– Houston [1st Dist.] 2011, no pet.) (citations omitted). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied).

>In Texas, a plaintiff's burden in a suit to quiet title is very clear:
>
>>In a suit to remove a cloud from his title, the plaintiff has the burden of supplying the proof necessary to establish his **superior equity** and right to relief. That is, the plaintiff must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove.

*Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1 Dist.] 2009, pet. denied) (internal citations omitted) (emphasis added). Plaintiffs must also allege superiority in any trespass to try title claim. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (noting that a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned to prevail in a trespass-to-try-title action).

Plaintiffs' complaint asserts "superior title to the property in question because of her [sic] acquisition of the property via deed," Dkt. 13 at 7. In their assertion of superiority, Plaintiffs have argued that "MERS was not a party to the original Note, and there is no evidence that MERS ever had a beneficial interest in that negotiable instrument." Dkt. 13 at 2. Plaintiffs also argue that "there are no filings with the Denton County Clerk indicating that MERS ever acquired America's Wholesale Lender's interests." Dkt. 13 at 3.

To the extent Plaintiffs seek to attack MERS's authority under the Note, Plaintiffs' "split the note theory" has been consistently rejected in this Circuit. *Martins v. BAC Home Loans Servicing, L.P.*, 2013 WL 3213633, 4 (5th Cir. 2013) (The "split-the-note" theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned."); *Wigginton v. Bank of New York Mellon*, 488 Fed. Appx. 868, 870 (5th Cir.

2012) (affirming dismissal of breach of contract and other claims that Texas law rejects split the note theory); *Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiff's attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. Jun. 10, 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. Mar. 24, 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. Jun. 2, 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. Jul. 7, 2011).

Thus, in this Circuit, it has been generally found that a party having the right of sale under the Deed of Trust is authorized to foreclose. In this case, the June 30, 2006 Deed of Trust attached to Plaintiffs' Original Petition filed in state court contains the following provision:

> "TRANSFER OF RIGHTS IN THE PROPERTY
> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; (ii) the performance of Borrower's...."

Dkt. 1-1 at 14. The Court notes that the remainder of this paragraph on the following page is redacted, obfuscated, deleted through photocopying, or for some reason otherwise notably absent and covered by language in a different type face reading "SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF." Dkt. 1-1 at 15. It is unclear whether this redaction is in the

original signed by Plaintiffs or in the copy filed with the County, and no argument has been made by the parties in this regard. The Court notes, however, that the remainder of this standard provision in Deeds of Trust generally gives MERS and its assigns the right of sale.

Unfortunately, the record before the Court is not cogently presented. Given the incomplete provision in the Deed of Trust before the Court (and the lack of argument as to why it is the way it is in the record), the quiet title and trespass to try title actions should not be dismissed. The terms of the Deed of Trust are not facially apparent to the Court, and Plaintiffs have in essence challenged them by questioning MERS's authority.

If – as the Court suspects it can – it can be shown that the Deed of Trust executed by Plaintiffs grants MERS and its assigns the power of sale, Plaintiffs will take nothing by their quiet title and trespass to try title claims based on any challenge of MERS's assignments. *See Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 2013 WL 2422778, 2 (5th Cir. 2013) (finding that no quiet title claim had been stated where the plaintiff did not challenge the validity of the Deed of Trust or suggest its interest was superior to the Deed of Trust but merely questioned the validity of the assignment of the Deed of Trust by MERS).

Plaintiffs are cautioned that the quiet title and trespass to try title claims do not survive on the theories they espouse, but on the poor quality of the record before the Court. That Defendant U.S. Bank's appointment of Recontrust Company, N.A. as substitute trustee predated (by approximately one week) the assignment of the Deed of Trust to Defendant, *see* Dkt. 1-1 at 29-30,

does not state Plaintiffs' superiority.[1] That MERS's assignment of the mortgage was not recorded will also be of little consequence to Plaintiffs' claimed superiority. *See, e.g, Reinagel v. Deutsche Bank Nat. Trust Co.*, 2013 WL 3480207, 4 (5th Cir. 2013) (defects in recording might prevent bank from foreclosing had a third party purchased the underlying real estate from the homeowners without actual knowledge of the mortgage, they do not affect the bank's rights against the homeowners). Finally, any evidence that Plaintiffs were not current on their mortgage payments at the time of foreclosure may also be fatal to their quiet title and trespass to try title actions. *See Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 4 (N.D. Tex. 2012). Nonetheless, the record before the Court – namely, the lack of clarity in the record as to MERS's rights under the plain language of the Deed of Trust – make Plaintiffs' claims plausible.

### *Fraudulent Lien Claim*

Plaintiffs have also alleged that "the Assignments, the appointment of substitute trustee, notice of default, notice of acceleration, and notice of substitute trustee sale (to the extent one was filed), most of which were filed of record with the Denton County Clerk, were fraudulent, false, and/or inaccurate because when filed or create, Defendant had no interest in the Property in question." Dkt. 13 at ¶VI. Texas Civil Practice and Remedies Code § 12.002(a) states:

> A person may not make, present, or use a document or other record with:
> (1)    Knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
> (2)    Intent that the document or other record be given the same legal effect

---

[1] The complete record supporting the foreclosure of the Property is not before the Court, however, this fact might support a wrongful foreclosure action, if it were pleaded by Plaintiffs.

>   as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
>
> (3) Intent to cause another person to suffer: (A) Physical injury; (B) Financial injury; or (C) Mental anguish or emotional distress.

TEX. CIV. PRAC. & REM. CODE § 12.002(a). A person who violates this section is liable to each injured person for the greater of $10,000.00 or the actual damages caused by the violation, along with court costs, reasonable attorney's fees, and exemplary damages in an amount determined by the court. *Id.* at § 12.002(b).

Based on the Court's discussion and findings above regarding the contractual origins of MERS's authority in this specific case, the Court finds that Plaintiffs have sufficiently stated their claim. The impact and import of the dual assignments and other foreclosure related notices must be analyzed based on a complete evidentiary record and should not be dismissed for failure to state a claim. Based on the current record, sufficient factual allegations are before the Court to state a plausible claim.

### *Declaratory Judgment*

Because the Court finds that a justiciable dispute remains, it finds that Plaintiffs' request for declaratory judgment regarding Defendants' interests in the Note, Deed of Trust and Property should not be dismissed at this time.

Based on the state of the record before it, the Court will recommend dismissal of any claims. Plaintiffs have been cautioned, however, as to the narrow implications of the Court's findings. While the Court declines to dismiss Plaintiffs' claims here, this holding is very narrow and made

only out of an abundance of caution given the lack of clarity as to the "TRANSFER OF RIGHTS IN THE PROPERTY" provision in the Deed of Trust in the Court's record. Simply stated, if the Deed of Trust grants MERS the power of sale, the inquiry ends as to the quiet title and trespass to try actions. *Casterline v. OneWest Bank, F.S.B.*, 2013 WL 3868011, 3 (5th Cir. 2013) ("MERS had the authority to transfer the Security Instrument together with the power to foreclose to another party, including OneWest."); *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011) ("Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was passed to U.S. Bank upon MERS's assignment."). And if the foreclosure sale occurred on February 7, 2012 as Defendants argue, then US Bank's rights in the Property are established by the October 25, 2011 assignment. Although Plaintiffs could make U.S. Bank prove the validity of the assignment through a theory of wrongful foreclosure, no such claim has been asserted, nor have Plaintiffs stated facts that would support all elements of such a claim. *See Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 2013 WL 2422778, 2 (5th Cir. 2013) (noting that under Texas law a non-holder party seeking to foreclose must establish standing to foreclose by demonstrating a valid assignment of the security interest).

## RECOMMENDATION

Therefore, the Court recommends that Defendants U.S. Bank, National Association, as Trustee for the holders of the SASCO-BC4 trust fund ("US Bank") and Bank of America, National Association ("Bank of America")'s Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. 15) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 14th day of August, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

11